## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## McALLEN DIVISION

| | | |
|---|---|---|
| **ARMANDO ZUNIGA** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY** |
| **SILVIA AMPARO ALVAREZ AND** | § | |
| **CHAPA INDUSTRIAS, SA DE CV** | § | |

---

### APPLICATION AND NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U. S. C. §1332(a)(2) and Rule 81 of the local rules for the Southern District of Texas, Defendant Chapa Industrias, SA de CV ("Applicant") files this Application and Notice of Removal and in support thereof would show the Court the following:

1.      On June 22, 2011, Plaintiff, Armando Zuniga, filed his Original Petition and Jury Demand with attached Discovery in a cause of action against Applicant in the 332nd Judicial District Court of Hidalgo County, Texas, Cause No. C-1672-11-F.

2.      Pursuant to 28 U.S.C. § 1446 this notice of removal was filed within 30 days after the defendant first received, not through service but otherwise, Plaintiff's Original Petition from which it was ascertained that the case is one which is removable.

3.      Plaintiff Armando Zuniga is a resident of Mission, Hidalgo County, Texas.  Applicant is an entity of Mexico.  Therefore, removal is based upon alienage jurisdiction.

4.      The action described in paragraph 1 arises from a motor vehicle incident that occurred in Hidalgo County, Texas on or about October 9, 2009.  Plaintiff has plead that the Court has

subject matter jurisdiction over this action because Plaintiff seeks damages within the Court's jurisdictional limits and that the Court has in personam jurisdiction over the Defendant because the lawsuit arises out of events or omissions that occurred in the county.

5.    The amount in controversy exceeds $75,001.00.  Plaintiff made a demand for the policy limits of $100,000 on April 28, 2010 for the injuries alleged in this lawsuit.   See attached demand letter and insurance declarations page attached as Exhibit A.

6.    Pursuant to Rule 81 of the Local Rules of the Southern District of Texas Applicant would show the following:

    a.  Plaintiff:        Armando Zuniga
        Defendant:     Chapa Industrias, SA de CV

    b.  Status of service of process: Chapa Industrias, S.A. de C.V. was not served, but made an appearance in state court.

    c.  Counsel for each party is as follows:

        Counsel for Plaintiff Armando Zuniga:
        Victor Cerda
        Davis Law Firm
        5710 Northwest Expressway
        San Antonio, Texas 78201
        Telephone:  210-734-3599
        Facsimile:  210-785-0806

        Counsel for Defendant Chapa Industrias, S.A. de C.V.:
        Tamara Rodriguez
        State Bar No. 00791647
        Federal Bar No. 18972
        Vidaurri, Lyde, Rodriguez & Haynes, LLP
        202 North 10th Avenue
        Edinburg, Texas 78451
        Telephone: 956-381-6602
        Facsimile: 956-381-0725

    d.  A jury was demanded by Defendant in state court and the jury fee was paid.

    e.   Name and address of court from which the case is being removed:

           332nd Judicial District Court
           Hidalgo County, Texas
           100 N. Closner
           Edinburg, Texas 78539

7.     Pursuant to Local Rule 81, a copy of all pleadings asserting causes of action and all answers to such pleadings, a copy of the docket sheet and an index of the matters being filed are attached hereto.

      WHEREFORE PREMISES CONSIDERED, Applicant prays that the above action now pending in the 332nd Judicial District Court of Hidalgo County, Texas, Cause No. C-1672-11-F, styled *Armando Zuniga vs. Silvia Amparo Alvarez and Chapa Industrias, SA de CV* be removed to this Court pursuant to Rule 28 U.S.C. §1332 and Rule 81 of the Local Rules of the Southern District of Texas and that Defendant may have such other and further relief at law or in equity to which it may show itself justly entitled.

                       Respectfully submitted,

                       By: _____
                              Tamara Rodriguez
                              State Bar No. 00791647
                              Federal Bar No. 18972

Of Counsel:
Vidaurri, Lyde, Rodriguez & Haynes, LLP
202 North 10th Avenue
Edinburg, Texas 78541
Telephone: 956-381-6602
Facsimile: 956-381-0725
Attorney for Defendant
Chapa Industrias, S.A. de C.V.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served to opposing counsel pursuant to the Federal rules of Civil Procedure on this the ____ day of May, 2013, as follows:

**VIA FACSIMILE: 210-785-0806**
Victor Cerda
Davis Law Firm
5710 Northwest Expressway
San Antonio, Texas 78201

Tamara Rodriguez

# DAVIS LAW FIRM

Personal Injury ▪ Bankruptcy ▪ Employment ▪ Social Security Disability

5710 IH-10 West ▪ San Antonio, TX ▪ 78201 ▪ 210-734-3599 ▪ www.jeffdavislawfirm.com

April 28, 2010

*time demand response
due by 5/12/10*

Crawford Claims
Attn: Terry Muñoz        via email
4801 NW Loop 410, Suite 300
San Antonio, TX  78229

*in 4/28/10*

Re: Our Client: Armando Zuniga
Your Insured:          Silva  Amparo Alvarez
Claim No.:             1570130
Date of Incident:      October 9, 2009
Our File No.           233113

Dear Ms. Muñoz:

As you know, I represent Armando Zuniga in his claim for personal injuries and damages resulting from an automobile accident negligently caused by your insured on October 9, 2009.  In order to fully explore the possibilities of settlement, I have enclosed the medical and special damage information which we have accumulated, including copies of all physician and hospital reports:

| | |
|---|---|
| Care Plus Injury & Rehab Center | $ 4,185.00 |
| McAllen MRI Center | $ 4,024.00 |

The total medical damages incurred to date are $8,209.00 with future medical undetermined at this time.

Based on the medical records/bills enclosed and injuries sustained by my client as a direct result of your insured's negligence, at this time we are recommending settlement of this claim in the amount of policy limits.

Please review the information attached at your earliest convenience.  After you have had an opportunity to do so, I would like to discuss the possibility of settlement  without the necessity of litigation.  If you would like to attempt to settle this claim, please contact Joan Duke, within **fourteen days** after your receipt of this letter.  After that date, I will assume that settlement is not possible and will proceed to litigation.

Sincerely,

Jeffrey R. Davis,
Attorney at Law

Krystal Guzman
Senior Case Manager
Email: KrystalG@jeffdavislawfirm.com
Direct Fax: 210-870-1489



**EXHIBIT**

**A**

11-25-09;05:20PM;                                                      # 3/ 3
NOV-25-2009 13:44  DE :                           ::9001210479886O    P.1

## NON-RESIDENT AUTO LIABILITY POLICY
## (POLIZA DE VEHICULOS NO RESIDENTES)
NO COVERAGE PROVIDED IN MEXICO (COBERTURA NO VALIDA EN MEXICO)
NO COVERAGE FOR COMMERCIAL VEHICLES (COBERTURA NO VALIDA PARA VEHICULOS COMERCIALES)

**NATIONAL UNITY** *Insurance Company*
ONE HUEBNER PARK
11303 HUEBNER ROAD
SAN ANTONIO, TX 78230

### ITEM ONE / SECCION UNO    DECLARATIONS (DECLARACIONES)

NAME, INSURED and COMPLETE ADDRESS / Nombre y Domicilio del Asegurado
CHAPA INDUSTRIAS S.A. DE C.V.
OBELISCO 122
FRACC. PARQUE INDUSTRIAL SAN RAFAEL CP: 67110
GUADALUPE , NUEVO LEON
PHONE/TEL. AREA CODE/CLAVE LADA   83273090 , 81

Policy Number/Número de Póliza
F6 -29002111100 1

PARA REPORTAR UN ACCIDENTE MARQUE / TO REPORT A CLAIM,
CALL:
1-800-554-3498 & (210) 479-8886
REPORTE DE ACCIDENTE DESPUES DE LAS 5:00 P.M. (HORA
CENTRAL):
AFTER HOUR CLAIM REPORT , CALL: 1-866-329-6734 & (210) 479-8886
Void if not paid within 30 days from inception.
(Se anula si no se paga dentro de los 30 días del inicio de vigencia.)

Policy Period (Período de la Póliza) (   365   days/días)

From (Desde)  5  /  15  / 2009     Time/Hora 12:00  C.S.T.  X A.M.     P.M.
              Month (Mes) Day (Día) Year (Año)

To (Hasta)    5  /  15  / 2010     Time/Hora 12:00  C.S.T.  X A.M.     P.M.
              Month (Mes) Day (Día) Year (Año)

AGENT PRODUCER / Nombre del Agente   Número de Agente
EMISION ELECTRONICA

12:01 A.M., S.T. at the address of the named insured or as stated here-in.
12:01 A.M. Tiempo standard en el domicilio del asegurado o como se indica.

### ITEM TWO: SCHEDULE OF COVERED AUTO INSURED / SECCION DOS: DESCRIPCION DEL AUTO ASEGURADO

| COVERED AUTO | YEAR (Año) | MAKE (Marca de Fábrica) | MODEL (Modelo) | SERIAL # (Número de Serie) | LICENSE PLATE # & STATE (Número de Placa y Estado) |
|---|---|---|---|---|---|
| 1 | 2005 | HONDA ODYSSEY TOURING | | 5KBRL38865802851 | SEA5482 . |

### ITEM THREE: SCHEDULE OF COVERAGE / SECCION TRES: DESCRIPCION DE LA COBERTURA
COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY ARE SHOWN FOR THE COVERAGE.
ESTA POLIZA SOLAMENTE OTORGA LAS COBERTURAS SEGUN LA PRIMA Y EL LIMITE DESCRITOS A CONTINUACION:

| COVERAGE /Coberturas Liability / Responsabilidad Civil | LIMITS OF LIABILITY Límites de Responsabilidad | | PREMIUM / Prima |
|---|---|---|---|
| A. Bodily Injury / Daños Corporales | XXXXXXXXX per person (por Persona) | XXXXXXXXX each accident (por accidente) | EXCLUDED |
| B. Property Damage / Daño a Propiedades | XXXXXXXXX each accident (por accidente) | ///////////////// ///////////////// | EXCLUDED |
| C. Combined Single Limit / Limite Único Combinado | $100,000.00 each accident (por accidente) | ///////////////// ///////////////// | INCLUDED |
| D. Medical Payments / Gastos Médicos Ocupantes | XXXXXXXXX per person (por Persona) | XXXXXXXXX each accident (por accidente) | EXCLUDED |

### WARNING : ADVERTENCIA:
THERE IS NO COVERAGE HEREUNDER FOR VEHICLES PRINCIPALLY GARAGED, IN THE UNITED STATES OF AMERICA. THIS POLICY IS VOID IF ALTERED.
NO EXISTE COBERTURA BAJO ESTA POLIZA PARA VEHICULOS RESIDENTES DE ESTADOS UNIDOS DE AMERICA. ESTA POLIZA NO ES VALIDA CON TACHADURAS O ENMENDADURAS.

| Premium / Prima INCLUDED | National Unity Assistance / Asistencia en el Camino | INCLUDED | INCLUDED |
|---|---|---|---|
| Policy Fee / Derecho de Póliza | | | INCLUDED |
| Subtotal / Subtotal | | | INCLUDED |
| Miscellaneous / Misceláneos (if applicable) | | | INCLUDED |
| Total / Total | | | INCLUDED |

Date (Fecha)   5/15/2009       By (por)
Authorized Representative for National Unity Insurance Company / Representante Autorizado de National Unity Insurance Company

IMPORTANT / Full Name of Applicant and Each Driver Required
IMPORTANTE : Nombre(s) de Personas que maneja(n) el vehiculo

| | FIRST/Nombre      LAST/Apellidos | License Number Número de Licencia | Date of Birth Fecha de Nacimiento | Occupation Ocupación |
|---|---|---|---|---|
| APPLICANT SOLICITANTE | CHAPA INDUSTRIAS S.A. DE C.V. | | | |
| TOWED VEHICLE / REMOLQUE | | XXXXXXXXXXXXXXXXX | XXXXXXXXXXXXXXXXX | XXXXXXXXXXXXXXXX |

A TOWED VEHICLE MUST HAVE IT'S OWN POLICY. TODO VEHICULO REMOLCADO DEBE TENER SU PROPIA POLIZA.
ELDER OR UNDERAGE DRIVERS/CONDUCTORES MENORES DE EDAD O MAYORES DE 75 AÑOS. List additional drivers on reverse side of this form/Lista adicional de conductores al reverso)
(Initial / Inicial X_____ ) I hereby warrant that there are no drivers under 21 years of age or over 75 years unless listed here. * Por medio de esta
garantizo que no hay conductores menores de 21 años o mayores de 75 a menos que lo haya listado aqui.

IMPORTANT: Drivers under age 21 and over age 75 years will be afforded coverage only if they are listed above and the additional premium is paid.
IMPORTANTE: Los conductores menores de 21 y mayores de 75 años sólo estan cubiertos si se enlistan sus nombres arriba y se paga la prima adicional.
Certificate of Residency: It has been explained to me(us) that this National Unity Insurance Company policy is valid only when Mexican citizens or persons who reside full-time in Mexico are operating
the designated vehicle. I(we) have provided proof of my(our) Mexican residency to my(our) agent and certify that I am(we are) a full-time resident(s) of Mexico. I(we) further understand that if it is
determined that I am(we are) not, at any time during the policy period, a full-time resident(s) of Mexico, this insurance is not valid and does not provide any coverage to any person operating the
designated vehicle in the United States of America or Canada.
Certificado de Residencia: Se me(nos) ha explicado que ésta póliza de seguros de National Unity Insurance Company es válida solo cuando los ciudadanos mexicanos ó personas que residan
permanentemente en México están operando el vehículo designado. He(hemos) proporcionado a mi(nuestra) agente, prueba de mi(nuestra) residencia mexicana y que certifico que soy(somos)
sidente(s) permanente(s) de México. Entiendo(entandamos) además, que si se determina que no soy(somos) residente(s) permanente(s) de México este seguro no será válido y no otorgará
cobertura alguna a cualquier persona operando el vehículo designado en los Estados Unidos de Norteamérica o Canada.

Para consulta e impresión de clausulas visite: / To view or print policy conditions, visit: www.nationalunity.com/clausulas.html

Date(Fecha)   5/15/2009          Signature/Firma X_____          www.nationalunity.com      AS3

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

*Armando Zuniga*

**DEFENDANTS**

*Silvia Amparo Alvarez and Chapa Industrias, S.A. de C.V.*

**(b)** County of Residence of First Listed Plaintiff  *Hidalgo*
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  *Mexico*
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
*Victor Cerda, Davis Law Firm, 5710 Northwest Expressway, San Antonio, Tx 78201, Tel: 210.734.3599*

Attorneys (If Known)  *Tamara Rodriguez, Vidaurri, Lyde Rodriguez & Haynes, LLP, 202 North 10th Ave, Edinburg, Tx 78541, Tel. 956-381-6602*

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN**  (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*28 USC 1332*

Brief description of cause:
*Motor vehicle accident*

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $  *excess of $75,000*

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**

(See instructions):

*332nd District Court, Hidalgo County, TX*

JUDGE  *Mario E. Ramirez Jr.*

DOCKET NUMBER  *C-1672-11-F*

DATE  *5/9/13*

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CASE SUMMARY

# CASE SUMMARY
## CASE NO. C-1672-11-F

| | | |
|---|---|---|
| ARMANDO ZUNIGA VS SILVA AMPARO ALVAREZ,ET AL | § § § § § | Location: **332nd District Court** Judicial Officer: **Ramirez, Mario E., Jr.** Filed on: **06/22/2011** Ableterm Track Number: **687218** |

---

### CASE INFORMATION

Case Type: **Injury or Damage - Motor Vehicle**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** Case Number      C-1672-11-F Court      332nd District Court Date Assigned      06/22/2011 Judicial Officer      Ramirez, Mario E., Jr. |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **ZUNIGA, ARMANDO** | **Cerda, Victor** *Retained* 210-870-1514(W) |
| **Defendant** | **ALVAREZ, SILVA AMPARO** | |
| | **CHAPA INDUSTRIES SA DE CV** | **RODRIGUEZ, TAMARA L.** *Retained* 956-381-6602(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/30/2013 | Jury Demand *DEFENDANT CHAPA INDUSTRIAS SA DE CVS REQUEST FOR JURY TRIAL FILED* | |
| 04/30/2013 | Answer *CHAPA INDUSTRIAS SA DE CV* | |
| 09/28/2012 | Letter Received *DAVIS LAW FIRM, FILED.* | |
| 09/28/2012 | Letter Received *FROM TEXAS DEPT. OF TRANSPORTATION , FILED.* | |
| 09/28/2012 | Letter Received *FROM TEXAS DEPARTMENT OF TRANSPORTATION, FILED* | |
| 06/30/2011 | Citation Issued (Fee) *C-1672-11-F 06/30/2011 CITATION ISSUED CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION IN AUSTIN TEXAS IN TURN TO SERVE CHAPA INDUSTRIES SA DE CV MAILED TO LAWFIRM, SG CITATION ISSUED (CIT.I)* | |
| 06/30/2011 | Citation Issued (Fee) *C-1672-11-F 06/30/2011 CITATION ISSUED CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION IN AUSTIN TEXAS IN TURN TO SERVE SILVA* | |

DATE 5/3/13

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#11

CASE SUMMARY

# CASE SUMMARY
## CASE NO. C-1672-11-F

*AMPARO ALVAREZ MAILED TO LAWFIRM, SG CITATION ISSUED (CIT.I)*

| 06/22/2011 | Other |
|---|---|
| | *C-1672-11-F 06/22/2011 OTHER PLAINTIFF'S FIRST SET OF INTERROGATORIES,REQUEST FOR PRODUCTION AND REQUESTS FOR DISCLOSURE TO DEFENDANT SILVA AMPARO ALVAREZ OTHER (OTH)* |
| 06/22/2011 | Plaintiff's Original Petition (OCA) |
| | *PLAINTIFF'S ORIGINAL PETITION (POP)* |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Attorney** Cerda, Victor
Total Charges    18.00
Total Payments and Credits    18.00
**Balance Due as of 5/3/2013**    **0.00**

**Attorney** RODRIGUEZ, TAMARA L.
Total Charges    30.00
Total Payments and Credits    30.00
**Balance Due as of 5/3/2013**    **0.00**

**Plaintiff** ZUNIGA, ARMANDO
Total Charges    280.00
Total Payments and Credits    280.00
**Balance Due as of 5/3/2013**    **0.00**

*Printed on 05/03/2013 at 4:12 P.*

ORIGINAL

Filed
11 June 22 P3:08
Laura Hinojosa
District Clerk
Hidalgo District

CAUSE NO. C-1012-11-F

| | | |
|---|---|---|
| ARMANDO ZUNIGA | § | IN THE DISTRICT COURT |
| V. | § | |
| | § | 332 JUDICIAL DISTRICT |
| | § | |
| SILVA AMPARO ALVAREZ  AND CHAPA | § | HIDALGO COUNTY, TEXAS |
| INDUSTRIES SA DE CV | | |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND
## WITH ATTACHED WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the above-named parties PLAINTIFF'S, averring generally that all conditions precedent have been performed or have occurred, and complains of the above-named party defendant, for cause of action showing this:

### I.     DISCOVERY CONTROL PLAN

Discovery is intended to be conducted herein under Level 3 of Rule 190.

### II.     PLAINTIFF

The above named party, PLAINTIFF, **ARMANDO ZUNIGA**, is an individual residing in Mission, Hidalgo County, Texas.  In Accordance with CPRC 30.014, the last three numbers of Plaintiff's, **ARMANDO ZUNIGA**, the last three numbers of Plaintiff's driver's license number are 7, 4, and 9.

### III.     DEFENDANT

Defendant's **SILVA AMPARO ALVAREZ and CHAPA INDUSTRIES SA DE CV** are nonresidents of Texas.  Defendant's are not required to designate an agent for service of process in the State of Texas. Pursuant to CPRC 17.062, the Chairman of the Texas Transportation Commission is an agent for service of process on such non-resident for this case which grew out of a collision in which **SILVA AMPARO ALVAREZ** was involved while operating a motor

vehicle in this state.  Service of process may be had in accordance with the Texas Long Arm

Statute by serving the Chairman of the Texas Transportation Commission in Austin, Texas, who

shall then forward a copy of this petition upon **SILVA AMPARO ALVAREZ** , by registered

mail, return receipt requested.  DEFENDANT'S last known address is:

**CALLE DEL OBELISCO NO. 122
PARQUE INDUSTRIAL SAN RAFAEL, C.P. 67110
GUADAUPE (MONTERREY) N.L. MEXICO**

The following Foreign Corporation, **CHAPA INDUSTRIES SA DE CV** referred to as

"DEFENDANT CHAPA" may be served through its registered agent for service as follows:

**CALLE DEL OBELISCO NO. 122
PARQUE INDUSTRIAL SAN RAFAEL, C.P. 67110
GUADAUPE (MONTERREY) N.L. MEXICO**

## VI.    VENUE

Pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in this county of suit

because all or a substantial part of the events or omissions giving rise to PLAINTIF'S claim

occurred in this county.

## V.    FACTS

On or about October 9, 2009, PLAINTIFF, **ARMANDO ZUNIGA**, was traveling

westbound at the 2200 block of W. Nolana, in McAllen, Hidalgo County, Texas.  DEFENDANT

**ALVAREZ** was a driver of the vehicle owned by **CHAPA INDUSTRIES SA DE CV** and was

also traveling eastbound at the 2200 block of W. Nolan, directly behind PLAINTIFF **ZUNIGA**,

when they came to a red light.  When the light turned green, DEFENDANT **ALVAREZ** struck

PLAINTIFF'S vehicle from behind.  As a result of DEFENDANT'S negligence, PLAINTIFF

sustained severe bodily injuries.

## VI.    NEGLIGENCE OF DEFENDANT

1.    Failing to maintain a proper lookout, which constitutes common law negligence and negligence *per se* in violation of the Texas Transportation Code § 545.417 (a);

2.    Failing to maintain a clear, assured distance from other vehicles, which constitutes common law negligence and negligence *per se* in violation of the Texas Transportation Code § 545.062;

3.    Failure to control speed which constitutes common law negligence;

4.    Failing to make such proper and/or timely application of the brakes as a person using ordinary care would have made; and

5.    Operating the vehicle in a willful and wanton disregard for the safety of persons, including PLAINTIFF, which constitutes common law negligence and negligence per se as it is in violation of Texas Transportation Code §545.401(a)s.

## VII.   DAMAGES

PLAINTIFF suffered such general and special injuries and damages as occur to one who is injured.  Thus PLAINTIFF should recover past and future (1) physical pain and suffering, (2) mental anguish, (3) medical care, (4) impairment, (5) property damages, (6) lost wages and (7) out-of-pocket expenses.  All of said damages are within the Court's jurisdictional limits, and will be in whatever amount the Jury decides based on the evidence.

## VIII.  PRAYER

WHEREFORE, PLAINTIFF prays that DEFENDANT be cited to appear and answer herein, and that PLAINTIFF have judgment granted against DEFENDANT upon trial for (1) damages aforementioned, (2) prejudgment and post judgment interest to maximum extent allowed by law, (3) court costs, (4) attorneys fees where authorized, and (5) such other and further general and special, legal, and equitable relief to which PLAINTIFFS may be entitled.

Respectfully submitted,

DAVIS LAW FIRM
5710 Northwest Expressway
San Antonio, Texas 78201
Telephone:  (210) 734-3599
Facsimile:  (210) 785-0806

BY: _____

VICTOR CERDA
State Bar No. 04047050
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. C-1672-11-F

| ARMANDO ZUNIGA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 332 JUDICIAL DISTRICT |
| | § | |
| SILVA AMPARO ALVAREZ  AND CHAPA | § | HIDALGO COUNTY, TEXAS |
| INDUSTRIES SA DE CV | | |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUESTS FOR DISCLOSURE TO DEFENDANT SILVA AMPARO ALVAREZ

TO:   SILVA AMPARO ALVAREZ
      CALLE DEL OBELISCO NO. 122
      PARQUE INDUSTRIAL SAN RAFAEL, C.P. 67110
      GUADAUPE (MONTERREY) N.L. MEXICO

**REQUESTS FOR DISCLOSURE:** Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within thirty (30) days of service of this request, or if this request is served along with the service of citation than you are requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2(a),(b),(c),(d), (e),(f),(g) (h), (i), (j) (k), and (l)  as forth below.  However, a response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

**INTERROGATORIES:**    Pursuant to Rule 196.2 of the Texas Rules of Civil Procedure, you are hereby served with the attached Interrogatories to be answered by the Defendant within thirty (30) days after the date of service by serving a sworn copy of said answers upon Plaintiff pursuant to said Rule or if this request is served along with the service of citation than you are requested to disclose within fifty (50) days of service of this request.  The Interrogatories shall be answered separately and fully in writing under oath as required by TRCP Rule 197.2(d) and signed by the person making them, as required by TRCP 191.3.  You are further advised that, pursuant to Rule 193.5, the party responding to these Interrogatories is under a duty to supplement his/her answer if he/she obtained information upon the basis of which (a) he/she knows that the answer was incomplete or incorrect when made, or. (b) he/she knows the answer, though complete or correct when made, is no longer complete or correct.

**REQUESTS FOR PRODUCTION:**    Pursuant to Rule 196, within 30 days after service hereof or if this request is served along with the service of citation than you are requested to disclose within fifty (50) days of service of this request, at the office of the undersigned you must produce legible copies –or—the originals for the undersigned to copy--- of all documents and tangible things, defined in Rule 192.3(b), that constitute or contain matters responsive to the hereinafter-stated requests for production, organizing and labeling each item to correspond to a category in its respective request.

As used in this request, the term "document" means, with limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, communications, reports, correspondence, telegrams, memorandums, summaries of or records of personal conversations or interviews, diaries, graphs, reports, notebooks, notes, charts, plans, drawings, sketches, maps, summaries or records of meetings or conference, summaries or reports of investigation or negotiations, opinions or reports of consultants, photographs, motion picture film, videotapes, brochures, pamphlets, advertisements, circular, press releases, graphs, and marginal comments appearing on any document, and all other writings.

You are further advised that, pursuant to Rule 193.5, the party responding to these Requests is under a duty to supplement his/her answer if he/she obtained information upon the basis of which (a) he/she knows that the answer was incomplete or incorrect when made, or (b) he/she knows the answer, though complete or correct when made, is no longer complete or correct.

**REQUEST FOR CONVICTION INFORMATION:**     Pursuant to Rule 609(f) of the Texas Rules of Evidence, identify each criminal conviction (including date thereof, court name, and type of documentary evidence possibly offered to prove same), of PLAINTIFF and any other person who is expected to be called to testify at trial, if that conviction might be offered or introduced at trial.

Respectfully submitted,

DAVIS LAW FIRM
5710 Northwest Expressway
San Antonio, Texas 78201
Telephone:  (210) 734-3599
Facsimile:  (210) 785-0806

BY: _____
VICTOR CERDA
State Bar No. 04047050
**ATTORNEYS FOR PLAINTIFF**

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please state generally each individual act or omission on the part of Plaintiff which you now contend or will contend caused or contributed to the incident. Additionally, please state generally what facts lead you to believe that such act or omission caused or contributed to the incident.

**INTERROGATORY NO. 2:**  Please state generally each factor other than the alleged negligence of the Plaintiff which you now contend or will contend that contributed to or was the sole cause of the incident including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants, sudden emergency; unavoidable accident; mechanical defect; or Act of God.  Additionally, please state generally what facts lead you to believe that such factor contributed to or was the sole cause of the incident.

**INTERROGATORY NO. 3:**  Please state generally each factor which you now contend or will contend caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff.

**INTERROGATORY NO. 4:**  Specifically identify, by dates, locations, names of parties, circumstances, and details, each and every other accident, incident, occurrence, claim, complaint, or lawsuit in the last ten (10) years involving, or alleged or claimed to involve a motor vehicle incident, or which otherwise were substantially similar or reasonably similar to the incident made the basis of this lawsuit.

**INTERROGATORY NO. 5:**  If your driver's license has ever been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the reason or reasons stated for each suspension, and the result.

**INTERROGATORY NO. 6:**  If, in the past ten (10) years, you have ever been arrested for a felony or a crime involving moral turpitude, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the court, the type of plea entered, and the disposition of each arrest.

**INTERROGATORY NO. 7:**  State in detail your activities for the twelve (12) hour period immediately prior to the collision specifically including the time you began driving on the date of the incident; the time, the location, the reason, and the duration of each stop you made; the identity of each person at each stop, and your ultimate destination.

**INTERROGATORY NO. 8:**  If you drank any alcoholic beverage or took any medication, whether prescription or not, during the twenty-four (24) hour period immediately prior to the collision, identify each beverage, drug or medication, the amount drunk or taken, and the identity of the prescribing physician.

**INTERROGATORY NO. 9:**  If you presently wear glasses, corrective lenses or a hearing aid, or if glasses, corrective lenses or hearing aids have ever been prescribed for you, identify the prescribing

doctor and the medical reason the glasses, corrective lenses and/or hearing aid was prescribed. Also state whether you were wearing your glasses, corrective lenses and/or hearing aid at the time of the collision in question.

**INTERROGATORY NO. 10:** State as close to verbatim as possible all statements, admissions, or declarations made by Plaintiff or conversations you had with Plaintiff at the time of the collision or at any time subsequent to the collision.

**INTERROGATORY NO. 11:** If you contend or will contend that any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the incident in questions were not reasonable and/or necessary, please:

a.   State generally the reasons which support such contention;
b.   identify each non-privileged document which you claim supports your contention;
c.   Identify all medical and/or scientific literature which supports your contention.

**INTERROGATORY NO. 12:** At the time of the incident in question, were you acting in the course and scope of your employment? If so, please state the name, address and telephone number of your employer.

**INTERROGATORY NO. 13:** If you contend or will contend that Plaintiff's injuries, if any, were not the result of or cause by the incident in question, please:

a.   State generally what you do contend the Plaintiff's injuries, if any, to be the result of or caused by;
b.   State generally the reason(s) and the factual basis for such contention;
c.   Identify all non-privileged documents and/or tangible things that support your contention, including all medical and/or scientific literature which supports your contention.

**INTERROGATORY NO. 14:** Please state in your own words how the incident made the basis of this suit occurred, and state the speed of your vehicle at all times material to the collision in question, including specifically your speed at the time of impact, and if your brakes were on at the time of impact, please state your speed before applying your brakes.

**INTERROGATORY NO. 15:** Identify the name, address, telephone number and qualifications of every CONSULTING expert whose opinions, mental impressions, or work product was reviewed by a testifying expert. For each person named, please state: 1) the subject matter of such experts opinions, 2) the facts known to such expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case regardless of when and how the factual information was acquired, and, 3) such expert's mental impressions and opinions formed or made in connection with this case.

**INTERROGATORY NO. 16:** If you were not the owner of the vehicle you were driving at the time of the incident made the basis of this suit, please state the name and address of the owner of such vehicle.

**INTERROGATORY NO. 17:**  Briefly list the name(s) of each company, policy number(s), limit(s) of coverage, deductible(s) or self-insured retention(s), and date(s) placed on notice (of claims or of the incident made the basis of this lawsuit) as to each insurance company or other entity with a policy or indemnification agreement of any kind (including, without limitation, primary, excess, umbrella, additional or omnibus insured clauses or endorsements, contingent or conditional or contributing coverage, and reinsurance) which may insure, provide coverage for, pay for, or otherwise protect DEFENDANT as against claims alleged in this lawsuit or arising out of the incident made the basis of this lawsuit; including policies obtained by or for others but which may provide such coverage—e.g., those obtained by family members in the same household, groups or associations, parent or affiliated companies, contractors, financiers, landowners, and those required by any contact whatsoever.

**INTERROGATORY NO. 18:**  The name, address and telephone number of any person who is expected to testify at trial not including rebuttal or impeaching witnesses where the necessity of their testimony cannot be reasonably anticipated before trial.

## REQUESTS FOR PRODUCTION

1. Any photographs pictures, movies, motion pictures or videotapes of the Plaintiff or any of the persons involved in the incident, the incident site, the motor vehicles, or any other subject matter involved in the incident referred to in Plaintiff's Original Petition made the basis of this lawsuit.

2. All documents that show or relate to the damage to any of the vehicles involved in this case including, but not limited to, any estimates or bills for repair of the vehicles involved.

3. A copy of the title to the vehicle the Defendant was driving.

4. A copy of your driver's license.

5. All documents concerning any prior arrests or convictions of the Plaintiff, Defendant(s) or any other witness which Defendant has in its possession.

6. All maps, surveys, diagrams, or other documents that show the scene of the occurrence made the basis of this suit.

7. All documents or statements that show the identity of any witness to the incident made the basis of this lawsuit, or any other person with knowledge of relevant facts concerning the incident made the basis of this lawsuit, the events leading up to it, or any damage sustained by Plaintiff.

8. All written documents, including police reports describing any investigation of the subject incident conducted by any person, including Defendant or any of Defendant's insurance carriers or by any agent of Defendant prior to the time suit was filed.

9. Any written documents describing the arrest or conviction of any party or person with knowledge of relevant facts identified in discovery responses which you intend to use pursuant to Rule 609, Texas Rules of Evidence.

10. Any written documents describing the past, present or future earnings or earning capacity of the Plaintiff.

11. All documents, tangible things, reports, models, or data compilations, including electronic or magnetic data (as defined by Rule 196.4) in the Texas Rules of Civil Procedure, in printed form, that have been provided to, reviewed by, or prepared by or for any CONSULTING expert whose opinions, mental impressions, or work product was reviewed by a testifying expert.

12. If the discoverable factual observations, tests, supporting data, calculations, photographs or opinions of a consulting expert as defined in Request No. 13 in this case have not been

recorded or reduced to tangible form, Plaintiff hereby requests that such matters be recorded and reduced to tangible form and produced to Plaintiff.

13.  Any document which supports, or tends to support, or negate, any allegation or contention that you may have regarding any injuries that the Plaintiff alleges to have been sustained in the occurrence made the basis of this lawsuit or which in any way serves to impeach the Plaintiff.

14.  Any and all documents and testimony Defendant has obtained through the use of depositions upon written questions, or by use of an authorization furnished to Defendant by the Plaintiff.

15.  Any written documents describing any claims or lawsuits of the Plaintiff other than the suit which is the basis of this claim or any other party to this suit.

16.  All written documents describing any medical treatment of the Plaintiff.

17.  All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of the Defendant in the ordinary course of business of Defendant or before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation.

18.  All documents and tangible things which support your contention that:

   a.  Any act or omission on the part of Plaintiff caused or contributed to the collision;
   b.  Any factor, other than a. above, contributed to or was the sole cause of the collision including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants, sudden emergency, unavoidable accident, mechanical defect, or act of God.
   c.  Any factor caused or contributed to the Plaintiff's damages, including, but not limited to pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff.
   d.  Any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the accident in question were not reasonable and/or necessary Plaintiff's injuries, if any, were not the result of or caused by the collision in question.

19.  All photographs of each vehicle involved in the collision made the basis of this suit which is found in Defendant's insurer's claim file.

20.  All photographs of each vehicle involved in the collision made the basis of this suit which is found in Defendant's insurer's investigation file.

21.  All photographs of each vehicle involved in the collision made the basis of this suit which is found in Defendant's insurer's bodily injury file.

22.    All photographs of each vehicle involved in the collision made the basis of this suit which is found in Defendant's insurer's property damage file.

FILED/COPY

AT_____O'CLOCK____M

CAUSE NO. C-1672-11-F

APR 30 2013

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
BY_____Deputy#4

ARMANDO ZUNIGA                     §     IN THE DISTRICT COURT

V.                                 §
                                   §     332ND JUDICIAL DISTRICT
SILVIA AMPARO ALVAREZ AND          §
CHAPA INDUSTRIES (SIC), SA DE CV   §     HIDALGO COUNTY, TEXAS

DEFENDANT CHAPA INDUSTRIAS, S.A. DE C.V.'S
ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **CHAPA INDUSTRIAS, S.A. DE C.V.**, incorrectly named in this lawsuit as **CHAPA INDUSTRIES, S.A. DE C.V.**, and files its Original Answer to Plaintiff's Original Petition.

Defendant invokes its right to generally deny each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, thereby requiring the Plaintiff to prove the same, if he can, by preponderance of the credible evidence.

Defendant pleads that Plaintiff's claims are barred by the statute of limitations. Plaintiff failed to serve Defendant and failed to use diligence in serving Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant, **CHAPA INDUSTRIAS, S.A. DE C.V.** respectfully prays that the Honorable Court allow the Plaintiff to recover nothing by his suit against this Defendant and that Defendant recover its costs and such other and further relief as it may be entitled to receive, either at law or in equity.

Respectfully submitted,

Vidaurri, Lyde, Rodriguez & Haynes, LLP.
202 N. 10th Avenue
Edinburg, Texas 78541
(956) 381-6602
(956) 381-0725 Fax

BY: _____
      TAMARA L. RODRIGUEZ
      State Bar No. 00791647
      ATTORNEYS FOR DEFENDANT
      CHAPA INDUSTRIAS, S.A. DE C.V.

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Original Answer has been forwarded to opposing counsel on this the 30th day of April, 2013, as follows:

**VIA CMRRR #7012 1640 0001 8168 7253**
Victor Cerda
Davis Law Firm
5710 Northwest Expressway
San Antonio, Texas 78201

_____
TAMARA L. RODRIGUEZ

2

FILED/COPY
AT_____O'CLOCK____M

APR 30 2013

CAUSE NO. C-1672-11-F

ARMANDO ZUNIGA                    §        IN THE DISTRICT COURT ____ROSA, CLERK
                                  §                District Courts, Hidalgo County
V.                                §        332ND JUDICIAL DISTRICT ____ Deputy#4
                                  §
                                  §
SILVIA AMPARO ALVAREZ AND         §
CHAPA INDUSTRIES (SIC), SA DE CV  §        HIDALGO COUNTY, TEXAS

### DEFENDANT CHAPA INDUSTRIAS, S.A. DE C.V.'S
### REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **CHAPA INDUSTRIAS, S.A. DE C.V.**, Defendant herein, and files this

REQUEST FOR JURY TRIAL in support of which it would be shown unto the Court as follows:

1. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant files this

request for a jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the above-entitled and

numbered proceeding be tried before a jury and for such other and further relief to which this

Defendant may be justly entitled.

Respectfully submitted,

Vidaurri, Lyde, Rodriguez & Haynes, LLP.
202 N. 10th Avenue
Edinburg, Texas 78541
(956) 381-6602
(956) 381-0725 Fax

BY: _____
TAMARA L. RODRIGUEZ
State Bar No. 00791647

ATTORNEYS FOR DEFENDANT
CHAPA INDUSTRIAS, S.A. DE C.V.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Request for Jury Trial has been forwarded to opposing counsel on this the ___30th___ day of April, 2013, as follows:

**VIA CMRRR #7012 1640 0001 8168 7253**
Victor Cerda
Davis Law Firm
5710 Northwest Expressway
San Antonio, Texas 78201

TAMARA L. RODRIGUEZ

2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ARMANDO ZUNIGA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | JURY |
| SILVIA AMPARO ALVAREZ AND | § | |
| CHAPA INDUSTRIAS, SA DE CV | § | |

## INDEX OF MATTERS BEING FILED

Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, the following items are being

filed with this Notice of Removal:

1.     Application and Notice of Removal

2.     Civil Cover Sheet

3.     Certified copy of County Court Docket Sheet

4.     Plaintiff's Original Petition

5.     Defendant's Original Answer

6.     Defendant's Request for Jury Trial

7.     Index of Matters Being Filed

Respectfully submitted,

BY: _____
Tamara Rodriguez
State Bar No. 00791647
Federal Bar No. 18972

ATTORNEY FOR APPLICANT

Of Counsel:
Vidaurri, Lyde, Rodriguez, & Haynes, LLP
202 N. 10th Avenue
Edinburg, Texas 78541
Telephone:  956-381-6602
Facsimile:   956-381-0725

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel by certified mail, return receipt requested on this the ___10___ day of May, 2013, as follows:

**VIA CMRRR #7012 1640 0001 8168 7352**
Victor Cerda
Davis Law Firm
5710 Northwest Expressway
San Antonio, Texas 78201


Tamara Rodriguez